STATE OF NORTH CAROLINA
v.
DERRICK EUGENE GERVIN.
No. COA09-480.
Court of Appeals of North Carolina.
Filed January 5, 2010.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Gerald K. Robbins, for the State.
Russell J. Hollers III for Defendant-Appellant.
McGEE, Judge.
Defendant appeals from judgment consistent with a jury verdict finding Defendant guilty of second-degree murder. We find no error.
The State's evidence at trial showed that Defendant lived in Raleigh with his wife, Nadine; their three-year-old son; and Nadine's four-year-old daughter. After using cocaine on 6 May 2004, Defendant argued with Nadine. Defendant raised his hand at Nadine and she left the house without the children and went to her mother-in-law's house. Nadine told her mother-in-law she could no longer stay in the marriage and that she was going to call her family and have them come and get her and her children. Nadine called one of her brothers from a pay phone at a nearby store.
In the meantime, Defendant decided to look for Nadine at his mother's house. Defendant put the children in their stroller. He then took a knife from the kitchen and placed it in the stroller. Nadine's brother and his friend, Gregory Lamont Langley (Langley), came in Langley's car to pick up Nadine at the store. Nadine then gave Langley directions to her house. When she found no one at her house, Nadine asked Langley to drive to her mother-in-law's home, which he did. Langley parked his car outside the mother-in-law's house.
As Nadine exited Langley's car, Defendant came out of his mother's house. Nadine told Defendant she was leaving him and that she wanted the children. Defendant told Nadine she could have her daughter, but not his son. Defendant and Nadine began to argue. Nadine's brother and Langley joined Nadine in an attempt to convince Defendant to give Nadine the children. When Defendant refused to give the children to Nadine, Langley and Defendant started to argue face-to-face and the argument turned into a fist fight. Defendant grabbed the knife from the stroller and stabbed Langley in the back and in the shoulder. Defendant then chased Nadine, who ran to the nearby store where she found a police officer. She informed the officer that her husband had stabbed someone. Police arrived at the scene and Defendant was subsequently arrested.
At trial, Defendant testified to the following: that he put the knife in the stroller because his mother's house was located in a drug area; that Langley insisted Nadine was taking the children and leaving; that Langley struck Defendant; and that this caused Defendant to grab the knife and stab Langley.
On cross-examination, the prosecutor asked Defendant what he had been convicted of in the last ten years. The prosecutor then asked Defendant, "tell us any felony[,] class A1 misdemeanor, class one misdemeanor or class two misdemeanor that you were convicted of[,] which in the last ten years you were released from confinement on that conviction." Defendant objected. The prosecutor then informed the trial court of the following: that on 6 October 1988, Defendant had been convicted of assault with a deadly weapon with intent to kill inflicting serious injury and discharging a firearm into occupied property; that Defendant received a twenty-year sentence and had been paroled; that Defendant's parole was later revoked and Defendant was returned to prison; and that Defendant was discharged on 5 January 1999. Defendant asserted that the State had not given proper notice of its intent to use the 1988 conviction. The trial court ruled that the 1988 "conviction with a subsequent revocation parole and subsequent release date is clearly within the purview of subsection [b], Rule 609," and was admissible. The trial court further stated that it did not believe, "given the purpose of the rule[,] that its probative value would be substantially outweighed by the value of undue prejudice under [Rule] 403."
A jury found Defendant guilty of second-degree murder. The trial court sentenced Defendant to 240 months to 297 months in prison. On 1 April 2008, this Court allowed Defendant's petition for writ of certiorari to review the judgment.
Defendant contends the trial court erred in allowing the State to use a 1988 felony assault conviction to impeach him during cross-examination. We disagree.
Whether a prior conviction may be used to impeach a witness is governed by N.C. Gen. Stat. § 8C-1, Rule 609, which provides in pertinent part:
(a) General rule.  For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a felony, or of a Class A1, Class 1, or Class 2 misdemeanor, shall be admitted if elicited from the witness or established by public record during cross-examination or thereafter.
(b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.
N.C. Gen. Stat. § 8C-1, Rule 609(a), (b) (2007).
Defendant first argues that the State was required to give him advance written notice of its intent to use the 1988 conviction for impeachment purposes. Defendant's parole for the 1988 assault conviction was revoked and he was imprisoned until January 1999. Defendant's trial in the present case occurred in 2005, only six years after his 1999 release. Therefore, the date of trial in the present case is less than ten years from the date of Defendant's release from confinement. Because the evidence of the 1988 conviction is not more than ten years old "as calculated herein," the notice requirement does not apply to Defendant's case. Id. Therefore, Defendant's argument is without merit.
Defendant also argues the trial court erred in failing to make specific findings that the introduction of the 1988 conviction was more probative than prejudicial. A balancing test is required under N.C.G.S. § 8C-1, Rule 609(b) only in cases where the State intends to use a conviction which is more than ten years old, or where a defendant's release from confinement occurred more than ten years prior to trial. Id. As noted above, Defendant's trial in the present case occurred in 2005, which is less than ten years after his 1999 release. Therefore, the trial court was not required to apply a balancing test to Defendant's 1988 conviction under Rule 609(b). Further, our Supreme Court has held that a trial court has no discretion to exclude such evidence under the balancing test of Rule 403. See State v. Brown, 357 N.C. 382, 390, 584 S.E.2d 278, 283 (2003), cert. denied, 540 U.S. 1194, 158 L. Ed. 2d 106 (2004) ("The language of Rule 609(a) (`shall be admitted') is mandatory, leaving no room for the trial court's discretion."). Therefore, the trial court did not err in failing to make findings of fact regarding the probative value of the 1988 conviction.
We conclude the trial court properly allowed the State to cross-examine Defendant about his 1988 assault conviction.
No error.
Judges GEER and HUNTER, Jr., concur.
Report per Rule 30(e).